UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID TERRENCE STEPHENS,

    Plaintiff,

v.                                                         Case No.:   2:19-cv-216-FtM-38NPM

AMANDA REGINA JACOBSON,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff David Stephens' Motion to Alter Judgment. (Doc. 28). No response in opposition was filed. For the flowing reasons, the Court denies the Motion to Alter Judgment.

Rule 59(e) affords the Court substantial discretion to reconsider an order which it has entered. *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000). Under Rule 59(e), courts have recognized three grounds justifying reconsideration:   (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or manifest injustice. *Mumby v. Sec'y, Dep't of Corr.*, No. 216CV312FTM38MRM, 2020 WL 91260, at *1 (M.D. Fla. Jan. 8, 2020) (citing *McCreary v. Brevard Cnty, Fla.,* No. 6:09-cv-1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010)). "A motion to reconsider is not a vehicle for rehashing arguments the [c]ourt has already rejected or for attempting to refute the basis for the [c]ourt's earlier decision."

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

*Parker v. Midland Credit Mgmt., Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012). "Reconsideration of a prior order is an extraordinary remedy to be used sparingly because "courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions." *Garcia v. Sec'y, Dep't of Corr.*, No. 5:17-CV-121-OC-39PRL, 2020 WL 1934186, at *2 (M.D. Fla. Apr. 22, 2020).  Thus, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Garcia*, 2020 WL 1934186, at *2.

The Court dismissed Plaintiff's case without prejudice, under 28 U.S.C. § 1915(g) because of his three-strike status.  (Doc. 21).  In brief, the Court found that Plaintiff failed to meet § 1915(g) imminent danger exception to the three strikes rule.  (Doc. 21 at 4). Plaintiff moves the Court to reverse the decision arguing two grounds for the Court to reverse its decision.  One, he claims new evidence, which he presented to the Eleventh Circuit in an unrelated case, and two he reasserts his belief he is in ongoing physical danger.

While Plaintiff says he has new evidence, he presents no new evidence here. Plaintiff then rehashes the same incidents regarding his alleged physical danger that the Court already rejected.  Plaintiff does not identify new evidence, point to a change in controlling law, or show that reconsideration is needed to correct clear error or prevent manifest injustice.  As a result, the Court finds no grounds to reverse its decision.

Accordingly, it is now

**ORDERED:**

David Stephens' Motion to Alter Judgment (Doc. 28) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of June 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record